Filed 3/8/2024 10:52 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

**CAUSE NO. 24DCV345072**

| | | |
|---|---|---|
| **SHANQUEEDA JONES,** *Plaintiff* | § § | **IN THE DISTRICT COURT** |
| **VS.** | § § § | **146th JUDICIAL DISTRICT** |
| **LOWE'S HOME CENTERS, LLC dba LOWE'S HOME IMPROVEMENT and LOWE'S** *Defendant* | § § § | **BELL COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHANQUEEDA JONES, hereinafter referred to as "Plaintiff", complaining of LOWE'S HOME CENTERS, LLC dba LOWE'S HOME IMPROVEMENT and LOWE'S, hereinafter referred to as "Defendant", and for causes of action would respectfully show unto this Honorable Court and jury the following:

I.

Pursuant to Rule 190.4, Plaintiff requests that the Court conduct discovery in this matter under Level 3 of the Discovery Control Plan.

## PARTIES

II.

Plaintiff is an individual residing in Harker Heights, Bell County, Texas.

Defendant LOWE'S HOME CENTERS, LLC is a corporation doing business in Brazos County, Texas and may be properly served with process through its registered agent, Corporation Service Company, dba CSC Lawyers Incorporating Service Company at 211 E.

7th Street, Suite 620, Austin, Texas 78701-3218. Further, Plaintiff brings this suit against Lowes Home Improvement or Lowes or Lowe's as an assumed or trade name under Rule 28 of the Texas Rules of Civil Procedure.

**VENUE**

III.

Pursuant to Texas Rules of Civil Procedure, venue in this cause of action is properly placed in Collin County, Texas in that the incident occurred and the cause of action accrued in Collin County.

**FACTS**

IV.

On or about March 26, 2022, Plaintiff was on the business premises of Lowe's Home Improvement at 2801 South W.S. Young Drive, Killeen, Texas as a business invitee. The business at that location is known commonly as "Lowe's" or "Lowe's Home Improvement". The business property is owned and/or controlled by Defendant Lowe's Home Centers, LLC. Plaintiff entered the front door of Defendant's store. Shortly after entering, Plaintiff slipped and fell due to dangerous condition on the ground, in the form of liquid. Employees of the Defendant were in the area. No warning signs had been placed near to notify business customers of the dangerous condition. Defendant created a dangerous condition and failed to either warn of the dangerous condition or to take steps the remedy the dangerous condition. In the alternative, Defendant had actual or constructive knowledge of the dangerous condition and failed to either warn of the dangerous condition or to take steps the remedy the dangerous condition. As a result of the negligence of the Defendants, Plaintiff

was severely injured. The evidence will show that the incident in question and the resulting injuries and damages to Plaintiff were proximately caused by one or more acts of negligence on the part of the Defendant.

## NEGLIGENCE

V.

That on the occasion in question, Defendant was guilty of numerous acts and/or omissions of negligence including, but not limited to the following:

1. In failing to warn a business invitee of a dangerous condition on its premises.
2. In failing to post warning signs that a dangerous condition had been created by Defendants on its premises
3. In failing to act as a person exercising ordinary care and prudence would have done under the same or similar circumstances.
4. In failing to exercise reasonable care to reduce or eliminate the risk when Defendants had actual or constructive knowledge of a condition created by Defendants which posed and unreasonable risk.
5. In failing to inspect the premises to discover a condition which posed an unreasonable risk.
6. In conducting a negligent activity that produced a dangerous condition for which no warning was given to Plaintiff.
7. In creating a dangerous condition for which no warning was given to Plaintiff.

One or more of the foregoing negligent acts listed above, singularly or in combination with others was a proximate cause of Plaintiff's resulting injuries and damages.

**DAMAGES**

VI.

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendant's negligence; and Plaintiff will respectfully request the court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred. From the date of the collision in question until the time of trial of this case, those elements of damages, to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1. The physical pain that Plaintiff has suffered from the date of the accident in question up to the time of trial and will in reasonable probability suffer in the future.
2. The mental anguish that Plaintiff has suffered from the date of the accident in question up to the time of trial, and will in reasonable probability suffer in the future.
3. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident to

the time of trial, and will in reasonable probability incur in the future.

4. The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks Plaintiff ordinarily would have been able to perform.

5. The loss of earnings and earning capacity sustained by Plaintiff from the date of the accident in question up to the time of trial, and will in reasonable probability incur in the future.

Plaintiff would show that as a result of the injuries in question, Plaintiff has incurred substantial medical expenses in the necessary treatment of injuries. By reason of all the above, Plaintiff seeks an amount a jury determines to be fair and reasonable within the jurisdictional limits of this Court. Further, pursuant to Rule 47, Plaintiff states that she seeks monetary relief over $250,000 but not more than $1,000,000 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

**PRAYER**

VII.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that, on final trial, Plaintiff have the following:

1. Judgment against Defendant in a sum within the jurisdictional limits of this Court.

2. Prejudgment and post-judgment interest as provided by law.

3. Costs of suit.

4. Such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,
**WILLIAMS & THORSON LLP**

By: ______________________
PAUL D. THORSON

State Bar No. 00797554
6444 Broadway
Garland, TX 75043
(972) 226-4900 Telephone
(972) 226-4903 Telecopier
Email: Paul@WilliamsThorson.com
**ATTORNEY FOR PLAINTIFF**